**Ahner v. Jamesway Corp.**

*Edward F. Silva,* for plaintiffs.
*J. Kurt Straub,* for defendant Jamesway Corp.
*Edward H. Heitmiller,* for defendant Huffy Corp.

DOLBIN, *J.,* August 26, 1991—The matter is presently before the court on defendant's motion to dismiss plaintiff's strict liability claim on the grounds that defendant supplied a service and that a bicycle is not unreasonably dangerous as a matter of law.

A review of the pleadings in this matter indicates that plaintiff, Linda J. Ahner, was injured while riding a bicycle sold by defendant, Jamesway Corporation, and manufactured by additional defendant, Huffy Corporation.

In defendant's statement of the facts, plaintiff, Robert Ahner, purchased two unassembled Huffy ten-speed bicycles from defendant-Jamesway Corporation. According to defendant, plaintiffs asked Jamesway to assemble the two bicycles and were charged and paid a separate fee for this assembly service.

Defendant argues that defendant provided a service and that plaintiffs cannot maintain a strict liability claim for injuries sustained by plaintiff, Linda J. Ahner, while riding one of the bicycles.

As a preliminary matter, it is to be noted that defendant-Jamesway does not allege that Jamesway, at the time of the sale of the two bicycles to plaintiffs, was in the business of assembling bicycles for any member of the general public who bought an unassembled bicycle to a Jamesway store.

The sales receipt for the two bicycles does not indicate a separate charge for the service of assembling the bicycles.

Under the preceding set of facts, it is clear that defendant assembled and sold a bicycle manufactured by another. Thus, defendant is the supplier of a product not a service. *Walscavage v. Marinelli,* 334 Pa. Super. 396, 483 A.2d 509 (1983).

Defendant's argument that plaintiffs' strict liability claim should be dismissed because the bicycle is not unreasonably dangerous as a matter of law is without merit.

Defendant premise their argument on the contention that plaintiffs have alleged that the accident was "due solely to negligent assembly of the bikes braking mechanism." A review of the record of this case reveals that plaintiffs have alleged that Jamesway was the supplier or seller of a defective product, to wit, a bicycle with bad brakes.

The cases cited by defendant regarding a risk-benefit analysis, pertain to products with alleged design defects which are not an issue in this case. Those cases are not apposite here.

Defendant cites as support for its argument, *Carrecter v. Colson Equipment Co.,*346 Pa. Super. 95, 499 A.2d 326 (1985). Utilizing *Carrecter,* defendant states that "unreasonably dangerous" means defective as a matter of social policy.

The allegation by plaintiffs in the present case (clearly appearing in paragraph 7 of plaintiffs' complaint) is that the product was sold in a defective condition due to improper assembly. Improper assembly is not subject to a social policy analysis.

For the reasons set forth above, we enter the following

## ORDER OF COURT

And now, August 26, 1991, at 10:30 a.m., it is hereby ordered that the defendant's motion to dismiss plaintiffs' strict liability claim is denied and dismissed.